DAVID B. ABEL (Bar No. CA-156744)
david.abel@dlapiper.com
PATRICK S. PARK (Bar No. CA-246348)
patrick.park@dlapiper.com
DLA PIPER LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6023
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendant and Counterclaim Plaintiff
GROUPON, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CY TECHNOLOGY GROUP, a partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>GROUPON, INC., a corporation,<br><br>    Defendant.<br><br>And Related Counterclaims | CASE NO.  CV 10-3640 MRP (VBKx)<br><br>*Judge:  Mariana R. Pfaelzer*<br><br>**NOTICE OF FILING [PROPOSED] ORDER RE:**<br><br>**DISMISSAL OF CY TECHNOLOGY PARTNERSHIP'S INFRINGEMENT CLAIM WITHOUT PREJUDICE TO ANY AND ALL COUNTERCLAIMS ASSERTED BY GROUPON; AND**<br><br>**ORDER PRESERVING DEFENDANT GROUPON'S CLAIM FOR FEES AND COSTS UNDER 35 U.S.C. § 285 AND ESTABLISHMENT OF AN ESCROW ACCOUNT** |

## INTRODUCTION

On the Friday preceding the Scheduling Conference, defendant Groupon, Inc. ("Groupon") filed an *ex parte* application for an order to show cause ("OSC"), in part seeking an OSC re Dismissal for lack of jurisdiction and an OSC re Groupon's 35 U.S.C. §285 claim. The *ex parte* application was filed after for the defendant discovered that, without any notice to Groupon, Counsel for the Plaintiff in *this action* had filed *another action* on the same patent, but naming different plaintiffs. Counsel for the Plaintiff acknowledged during the required meet and confer that there would be no opposition to the OSC re dismissal.

At the Scheduling Conference held the following Monday, the Court considered the *ex parte* application of Groupon, Inc. under Local Rule 7-19, and conducted a hearing in this action in which counsel for Plaintiff the CY Technology Group Partnership ("CY Partnership") confirmed to the Court that the CY Partnership agreed to the dismissal of the claims asserted by Plaintiff CY Partnership. (*See* Doc. No. 24)

As discussed in the un-opposed *ex parte* application, the Court does not have jurisdiction over the CY Partnership's claim. The CY Partnership is and was not the legal owner (i.e. the "patentee" of 35 U.S.C. §281), having standing when the case was filed, as demonstrated in the *ex parte* application in view of the new action filed by CY Technology Group, LLC ("CY LLC") as the assignee of the '897 Patent and Mobgob, LLC, as a licensee of the '897 Patent.

Accordingly, the Court ordered counsel for the CY Partnership to fashion an Order, acceptable to Groupon, that would both dismiss the present action and preserve Groupon's 35 U.S.C. §285 claim. Counsel for the parties have exchanged several proposals but have not been able to reach an agreement on the form of a proposed Order that is acceptable to both sides. The parties thus agreed that each side will submit its version of a proposed Order with the understanding that the other side will have 5 days to file written objections.

## The Parties Have Met And Conferred

Immediately following the hearing on Monday, counsel for the respective parties met to discuss the form of the proposed order. Counsel for Groupon advised plaintiff's counsel that the order should dismiss the first complaint with prejudice as the original entity had no right to sue in the first place and certainly has no right to do so again in view of the assignments from the inventors to the CY LLC entity submit with the *ex parte* application.   Also, Groupon requested that the CY Partnership post some type of bond or escrow in the amount of $45,000 to cover the fees and costs incurred that may be awarded on the 35 U.S.C. §285 claim, since the issue was not going to be addressed immediately.

A few days later, counsel for the CY Partnership provided a draft joint motion. Exh. A. Counsel for Groupon promptly responded that a joint motion was not necessary, what was needed was a proposed Order, which Groupon provided. Exh. B. The CY partnership subsequently responded with a redlined version of the proposed Order. Exh. C. Groupon responded that the proposal from the CY Partnership did not properly address and preserve the 35 U.S.C. §285 claim. Exh. D. the CY Partnership responded with comments suggesting another alternative. Exh. E. Groupon again responded, again pointing out why the proposals from the CY Partnership did not adequately preserve and addressed Groupon's 35 U.S.C. §285 claim. Exh. F. Finally, counsel had a telephonic met and confer on Friday, October 8, 2010. Exh. G.

However, as Groupon maintains that the CY Partnership's proposal does not preserve and addressed Groupon's 35 U.S.C. §285 claim, indeed it effectively leaves Groupon with no recourse at all, it was not acceptable. Similarly, Groupon's offer to resolve the attorneys fees issue immediately was rejected as was Groupon's request for some warranty that any of the plaintiffs in the respective cases had the financial resources to cover and award of fees and costs incurred in this action. Thus, the parties agreed that each should file their respective proposed orders.

**Legal Issues**

As Groupon has explained in the exchanges discussed above, the basic problem is how can the parties dismiss the first action and not address Groupon's 35 U.S.C. §285 under the time allowed by Rule 54, without the posting of a bond or an escrow. Groupon's fundamental concern is that once the CY Partnership's claim is dismissed, the Court losses jurisdiction over the CY Partnership (which did not exist as a legal entity when it filed the case) and over the counsel who filed a complaint for a non-existent entity.

As an initial point of law, Groupon submits that the CY Partnership's complaint should be dismissed with prejudice as it is plainly clear, in view of the filing of the new case and the assignments therein, that the CY Partnership which does not exist as a legal entity can not cure the jurisdictional defect. *See Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484-5 (Fed.Cir. 1998)(a dismissal with prejudice may be appropriate where it is "plainly unlikely that the plaintiff will be able to cure the standing problem"); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 980 (Fed.Cir. 2005). As the dismissal with prejudice will act as a final judgment for purposes of Rule 54, Groupon would normally need to file the motion for an award of attorneys fees within 14 days of the dismissal.

However, the Court has indicated that the attorneys fees issue should eb ruled on later. Assuming the 35 U.S.C. §285 can be severed and stayed to allow dismissal of the instant Complaint, Groupon would at some point in the future need to file a complaint to reinstate the 35 U.S.C. §285 claim. The problem is that who could it sue on the 35 U.S.C. §285 claim for the first case? The CY Partnership that filed the case isn't a legal entity and it clearly has no interest in the patent. Also, it is not a party to the new action and it has no rights to assert in the new action to make it either a proper or a necessary party.

As a matter of law, and as noted in the *ex parte* application, the new lawsuit is a completely separate civil action from the first case. *H.R. Technologies, Inc. v.*

1  *Astechnologies, Inc.*, 275 F.3d 1378, 1383 (Fed. Cir. 2002) (in the civil setting the
2  second complaint initiates a separate civil action. *See* Fed.R.Civ.P. 2."). CY
3  LLC's claims in the new action do not claim priority or date back to the filing of the
4  first case. *Id*. Thus, Groupon could not assert the 35 U.S.C. §285 claim as against
5  the "partnership" from the first case against the LLC in the second case. Absent an
6  appropriate Order allowing the severed 285 claim to be addressed in the new action
7  as against a deposited bond or escrow, Groupon's 35 U.S.C. §285 claim is not
8  preserved so it needs to be resolved with the dismissal of this action.

9  Yet, counsel for both the CY Partnership in this action and CY LLC in the
10 second action assert that the 35 U.S.C. §285 claim could be addressed in the new
11 action. However, the new complaint was filed by an LLC - i.e. a "Limited Liability
12 Company" set up to limit the liabilities of the individual shareholders or any prior
13 informal partnership. The CY Partnership's proposal certainly may sound good to
14 the CY Partnership, as they would like to leave CY LLC holding the liability, but
15 that defeats the purpose of the LLC. The CY Partnership's proposal (and CY
16 LLC's offer discussed below) effectively means that Groupon's claim would not be
17 preserved because the CY Partnership has no assets.

18 Further, even if the CY LLC stipulates that it will be the guarantor of the CY
19 Partnership's 35 U.S.C. §285 liability, as they proposed, there is no information
20 available to Groupon that proves the LLC has the financial resources to cover even
21 the amount of fees incurred to date, let alone any section 35 U.S.C. §285 claim
22 Groupon may make against the CY LLC in the new case. Counsel for the plaintiffs
23 in the new case represented to the Court that both the CY LLC and the licensee
24 MobGob are just the three inventors. If they can't come up with $45,000 to cover
25 the potential 35 U.S.C. §285 claim for the fees to date, the determination of which
26 is to be delayed, then the CY LLC's ability to satisfy its obligations is also suspect.
27 That is why Groupon's proposal cited to Rule 41(d) which prevents a second suit
28 from proceeding until obligations from the first dismissed action are satisfied.

1  Notably, in this district, attorneys' fees are considered an element of costs with
2  respect to Rule 41(d). *See Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (C.D. Cal.
3  1996).

4  Counsel for the CY Partnership has asserted that the posting of the bond or
5  an escrow is not appropriate because the amount of the fees incurred that would be
6  subject to the 35 U.S.C. §285 claim may be reduced by an unknown amount that
7  could be reused in the new case.  They have asserted two cases in support of their
8  argument that the fees incurred to date can not be awarded in full, the *Esquivel* case
9  cited above and *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).  The *Esquivel*
10 and *Koch* cases are not directly on point.  With respect to *Koch,* the CY Partnership
11 is not agreeing to dismiss a case so that ***it*** can proceed in another forum.  The CY
12 Partnership's case is being dismissed on Groupon's *ex parte* application as the
13 Court does not have jurisdiction. The fees and costs incurred will not be used in any
14 other case **filed or prosecuted by the CY Partnership**, as there can be no such case.
15 Similarly, in *Esquivel* the same plaintiff filed actions in two different jurisdictions.
16 Again, here, the CY Partnership can not file another case and it is not part of the
17 new case. There is no reason why the full amount of the fees incurred, if awarded
18 under the 35 U.S.C. §285 claim, could not be assessed now.

19 Groupon maintains that its Proposed Order is appropriate and that the bond
20 should be posted before the CY LLC, which it has been represented is the new
21 embodiment of the three inventors purportedly behind the CY Partnership, be
22 allowed to pursue the new action under Rule 41(d) and this Court's equitable
23 powers.  Rule 41(d) is an expression of the Court's inherent power to protect
24 defendants from the harassment of repeated lawsuits by the same plaintiff on the
25 same claims.  *See Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1296
26 (9th Cir. 1983) ("Courts have consistently found the power to dismiss an action for
27 nonpayment of costs in a prior action to be part of the inherent power of the
28 courts.").

1  In the final telephonic met and confer as between counsel, following receipt
2  of this Court's minute order indicating that the 285 claim should be reserved
3  "unless the parties can resolve the issue" Groupon offered to resolve the attorneys
4  fees issue for 1/2 of the amount expended to date.  That offer was rejected.  Counsel
5  for the CY Partnership offered to have the CY LLC act as the guarantor of any
6  liability on the 285 Claim.  However, when asked whether CY LLC would
7  represent and warrant that they have $45,000 in an account that will remain
8  unencumbered until the resolution of the 285 Claim, counsel for CY LLC (and the
9  CY Partnership) indicated they would not make such a representation.
10 Accordingly, counsel for Groupon explained that absent a motion filed with 14
11 days of the dismissal, or the posting of a bond or an escrow, neither CY Partnership
12 nor CY LLC have offered anything tangible to suggest that delaying the resolution
13 of the 35 U.S.C. §285 Claim would not be effectively equivalent to a waiver of the
14 entire claim.  Neither of the plaintiffs in the respective actions appear to have any
15 monetary assets to satisfy any 35 U.S.C. §285 award.

16  Thus, it is respectfully submitted that the new action should not proceed
17 unless and until the fees and costs incurred for the first action are either determined
18 and paid, or post to an escrow or bond.  The remedies set forth in Rule 41(d) are a
19 codification of a well-settled practice whereby a second action cannot be
20 maintained for substantially the same relief asked for in a prior action until the costs
21 of the first action have been paid.  This practice was designed to enable a party who
22 has incurred costs in defending a suit to obtain reimbursement of those costs before
23 being subjected to further litigation relating to the same subject matter.  *See id.* at
24 1297 (citing *Weidenfeld v. Pacific Improvement Co.*, 101 F.2d 699, 700 (2d Cir.
25 1939) (Augustus Hand, J.)).  Rule 41(d) costs can include attorneys' fees. *Esquivel*,
26 913 F. Supp. at 1392.  Groupon has already incurred approximately $45,000 in
27 attorneys' fees to date because it takes the allegations of patent infringement very
28 seriously.  It has "shown its hand," so to speak with the filing of a detailed Answer

and Counterclaims demonstrating that there is no viable infringement claim on the '897 Patent.  The Answer to those counterclaims filed in this action and the Complaint filed by CY LLC in the new action do not address Groupon's stated defenses in any material fashion.  Thus, it appears to Groupon that both actions were filed without an adequate investigation, and the ultimate conclusion will be the determination of no infringement.  To reach that conclusion, however, Groupon may need to incur substantial fees and costs, far in excess of the $45,000 requested for the bond or escrow.  Under the circumstances, Groupon submits that it's request for a stay of the new action until the bond or escrow is established is reasonable and well within the Court's discretionary power.

## Conclusion

As the Court would prefer to delay consideration of the 35 U.S.C. §285 after stating on the record that both Groupon and the Court were aggrieved by the filing and continued prosecution of this case, Groupon respectfully submits that it's version of a proposed order, submitted herewith, is the most prudent form to accomplish the instructed result.

Dated:  October 8, 2010

DLA PIPER LLP (US)

By: /s/David B. Abel
    DAVID B. ABEL
    Attorneys for Defendant/Counterclaim Plaintiff
    GROUPON, INC.