# EXHIBIT A

**Abel, David B.**

**From:** Alexander Giza [agiza@raklaw.com]
**Sent:** Tuesday, October 05, 2010 2:59 PM
**To:** Abel, David B.
**Cc:** Park, Patrick
**Subject:** CY Tech/Groupon - Draft MTD and schedule
**Attachments:** 10-5-10MTD.doc; ATT00001..htm; 10-5-10JointReportDiscoveryPlan.doc; ATT00002..htm

David:

Attached please find a draft motion to dismiss the first case and proposal on schedule dates for the second case. Let me know your thoughts and if you would like to discuss this further.

Alex

RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Daniel C. Whang, State Bar No. 223451
Email: dwhang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CY TECHNOLOGY GROUP, a partnership<br><br>Plaintiff,<br><br>vs.<br><br>GROUPON, INC., a corporation<br><br>Defendant. | Case No. CV 10-3640 MRP (VBKx)<br><br>**MOTION TO DISMISS** |
| And Related Counterclaims | |

RUSS, AUGUST & KABAT

Plaintiff CY Technology Group ("CY Technology") and Defendant GROUPON, Inc. ("Groupon") hereby jointly move to dismiss the above captioned case ("the First Case"). This case has the same issues as *CY Technology Group LLC v. Groupon, Inc.*, CV10 7287, filed September 29, 2010 ("the Second Case"), which the parties agree should be reassigned to the Honorable Mariana R. Pfaelzer in the interests of judicial efficiency and consistency.

In addition, the parties hereby stipulate that the issue of the applicability of 35 U.S.C. section 285 for the First Case is preserved for determination at an appropriate time in the Second Case. The parties agree not to contest the Court's jurisdiction over this determination (*see, e.g., Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006) ("While the covenant [not to sue for infringement] may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims, the covenant does not deprive the district court of jurisdiction to determine the disposition of . . . the request for attorney fees under 35 U.S.C. § 285."); *Free Flow Packing Int'l., Inc. v. Storopack, Inc.*, Case No. 1:04cv268, 2006 U.S. Dis. LEXIS 68675, at *4 (N.D. Iowa Sep. 12, 2006) (holding that court retains jurisdiction over any motion filed under 35 U.S.C. § 285)), but reserve the right to present appropriate evidence and argument on whether a finding of an exceptional case is warranted (including as appropriate, the amount of an award and related issues) under the facts and circumstances of the First Case.

Groupon further requests that CY Technology be required to establish an escrow of $45,000 to cover the fees allegedly incurred to date in the First Case. CY Technology opposes this request because a determination of exceptional case has not been briefed or decided yet and any award of fees for the First Case should

RUSS, AUGUST & KABAT

only include the amount of fees incurred in the First Case that would not have been expended in the litigation of the Second Case.

Dated: October __, 2010

Respectfully submitted,

RUSS AUGUST & KABAT

By: /s/ Alexander C. Giza
Alexander C. Giza

Marc A. Fenster, CA Bar No. 181067
Email: mfenster@raklaw.com
Alexander C. Giza, CA Bar No. 212327
Email: agiza@raklaw.com
Daniel C. Whang, CA Bar No. 223451
Email: dwhang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP

Dated: October __, 2010

Respectfully submitted,

DLA PIPER

By: /s/
David B. Abel

David B. Abel, CA Bar No. 156744
Email: david.abel@dlapiper.com
Patrick S. Park, CA Bar No. 246348
Email: patrick.park@dlapiper.com
1999 Avenue of the Stars, Suite 400
Los Angeles, California 90067-6023
Telephone: (310) 595-3062
Facsimile: (310) 595-3362

Attorneys for Defendant and Cross-Claimant
GROUPON, INC.

# EXHIBIT B

**Abel, David B.**

---

**From:** Park, Patrick
**Sent:** Wednesday, October 06, 2010 12:22 PM
**To:** 'Alexander Giza'
**Cc:** Abel, David B.
**Subject:** RE: CY Tech/Groupon - Draft MTD and schedule
**Attachments:** Proposed Order re Dismissal of First CY Action Preserving Groupon_s s. 285 Claim (3).DOC

Alex,

We noticed a typo in the draft we sent you last night and wanted to send you a corrected draft.

Regards,

Patrick

---

**From:** Park, Patrick
**Sent:** Tuesday, October 05, 2010 5:25 PM
**To:** Alexander Giza
**Cc:** Abel, David B.
**Subject:** RE: CY Tech/Groupon - Draft MTD and schedule

Alex,

It is our understanding that Judge Pfaelzer wanted this document styled as a proposed order to dismiss the first case while preserving Groupon's section 285 claim. Attached is our draft of the proposed order. We anticipate that you will probably want to file an objection to the order as it relates to the escrow issue.

Also, the proposed schedule you sent to us appears from its caption to be for the first case, which we have agreed needs to be dismissed. In any event, we believe it is premature to address the schedule at this time since we have not yet answered the complaint in the second case, and the second case cannot proceed until the first case is dismissed.

Please let us know if you'd like to discuss this further.

Regards,

Patrick

---

**From:** Alexander Giza [mailto:agiza@raklaw.com]
**Sent:** Tuesday, October 05, 2010 2:59 PM
**To:** Abel, David B.
**Cc:** Park, Patrick
**Subject:** CY Tech/Groupon - Draft MTD and schedule

David:

Attached please find a draft motion to dismiss the first case and proposal on schedule dates for the second case. Let me know your thoughts and if you would like to discuss this further.

Alex

DAVID B. ABEL (Bar No. CA-156744)
david.abel@dlapiper.com
PATRICK S. PARK (Bar No. CA-246348)
patrick.park@dlapiper.com
DLA PIPER LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant and Counterclaim Plaintiff
GROUPON, INC.

RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Daniel C. Whang, State Bar No. 223451
Email: dwhang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CY TECHNOLOGY GROUP, a partnership,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a corporation,<br><br>Defendant.<br><br>And Related Counterclaims | CASE NO. CV 10-3640 MRP (VBKx)<br><br>*Judge: Mariana R. Pfaelzer*<br><br>**[PROPOSED] ORDER RE:**<br><br>**DISMISSAL OF CY TECHNOLOGY PARTNERSHIP'S INFRINGEMENT CLAIM WITHOUT PREJUDICE TO ANY AND ALL COUNTERCLAIMS ASSERTED BY GROUPON; AND**<br><br>**ORDER PRESERVING DEFENDANT GROUPON'S CLAIM FOR FEES AND COSTS UNDER 35 U.S.C. § 285 AND ESTABLISHMENT OF AN ESCROW ACCOUNT** |

**[PROPOSED] ORDER**

The Court, having considered the *ex parte* application of Groupon, Inc. under Local Rule 7-19, and having conducted a hearing in this action in which counsel for Plaintiff the CY Technology Group Partnership ("CY Partnership") confirmed that CY Partnership agrees to the dismissal of the claims asserted by Plaintiff CY Partnership in view of a new action filed by CY Technology Group, LLC ("CY LLC") as the assignee of the '897 Patent and Mobgob, LLC, as a licensee of the '897 Patent, and good cause appearing for the Court to find that CY Partnership was not a legal entity having the right to sue on the '897 Patent when this action was filed:

**HEREBY ORDERS**

1) the infringement claim asserted by Plaintiff the CY Technology Group Partnership is hereby dismissed with prejudice as the CY Partnership lacked standing and it cannot prove ownership to assert infringement as a legal entity at the time of the filing of the action, the Court also finding that CY Partnership's standing defect can not be cured in view of the subsequent assignment of the inventors rights to the '897 Patent to CY LLC as reflected in the exhibits filed in support of the *ex parte* application;

2) Groupon's Counterclaims (other than the 35 U.S.C. § 285 claim addressed below), are hereby dismissed without prejudice on the Court's initiative in view of CY Partnership's lack of standing;

3) Groupon's 35 U.S.C. § 285 claim for fees and costs incurred in this action up to the date of this dismissal, said fees totaling approximately $45,000, and the time limit for moving for said fees, is hereby severed and stayed until such time as the Court deems appropriate and on the condition that CY Partnership and/or the attorneys responsible for filing this action deposit $45,000 into an escrow to be held by the clerk of this Court within one week of the dismissal of this action;

**IT IS HEREBY FURTHER ORDERED** that

A) CY LLC's and Mobgob LLC's complaint against Groupon in matter number CV10-7287 will be transferred to this court's docket;

B) CY LLC and Mobgob will not be permitted to proceed on that action until after the deposit of the fees into the escrow as ordered above, pursuant to Fed.R.Civ.P. 41(d); and

C) CY LLC and Mobgob hereby confirm that this Court may address Groupon's 35 U.S.C. § 285 claim for fees and costs incurred in this action (up to the date of this dismissal) in the action filed by CY LLC and Mobgob (CV10-7287) at such time as the Court deems just and as against the amount deposited into the escrow.

**IT IS SO ORDERED**

Dated: _______________, 2010

_______________________________
Honorable Mariana R. Pfaelzer
United States District Court Judge

Submitted by:

DLA PIPER LLP (US)

By: /s/David B. Abel
DAVID B. ABEL
Attorneys for Defendant
GROUPON, INC.

RUSS AUGUST & KABAT

By: /s/ Alexander C. Giza
Alexander C. Giza

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP PARTNERSHIP
and
Attorneys for Plaintiffs
CY TECHNOLOGY GROUP, LLC and
MobGob LLC in civil action no. CV10-7287

# EXHIBIT C

**Abel, David B.**

---

**From:** Alexander Giza [agiza@raklaw.com]
**Sent:** Wednesday, October 06, 2010 6:52 PM
**To:** Park, Patrick
**Cc:** Abel, David B.
**Subject:** Re: CY Tech/Groupon - Draft MTD and schedule
**Attachments:** 10-6-10JointReportDiscoveryPlan.doc; ATT00001..htm; agProposed Order re Dismissal of First CY Action Preserving Groupon_s s.doc; ATT00002..htm

Patrick:

Thank you for the draft proposed order. We understood that Judge Pfaelzer wanted us to work out dismissing the first case and preserving the section 285 issue, which she did not want to decide at the current time. Judge Pfaelzer has not asked for or reviewed any evidence regarding the circumstances of the filing of the first case. In addition, Groupon did not raise the issue of an escrow in its ex parte application or at the hearing, Judge Pfaelzer did not address it, and CY Technology does not agree to it, so it would be improper to include it at this time. A revised version is attached.

Regarding the proposed schedule for the new case, we understood that Judge Pfaelzer also expected the parties to work out a plan with specific dates to allow an early claim construction ruling. The caption has been corrected to reflect the new case. Please let me know Groupon's position on the proposed schedule for the new case - the timeframes are very similar to those that the parties discussed previously, although CY Technology has shortened the time for some of its due dates to facilitate an early claim construction.

Also, please confirm that you can accept service of the new complaint and related documents, or let me know the date by which you will respond so that we can determine whether it is necessary for CY Technology to incur the cost of formally serving Groupon.

If necessary, we should discuss these matters tomorrow.

DAVID B. ABEL (Bar No. CA-156744)
david.abel@dlapiper.com
PATRICK S. PARK (Bar No. CA-246348)
patrick.park@dlapiper.com
DLA PIPER LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant and Counterclaim Plaintiff
GROUPON, INC.

RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Daniel C. Whang, State Bar No. 223451
Email: dwhang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CY TECHNOLOGY GROUP, a partnership,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a corporation,<br><br>Defendant.<br><br>And Related Counterclaims | CASE NO. CV 10-3640 MRP (VBKx)<br><br>*Judge: Mariana R. Pfaelzer*<br><br>**[PROPOSED] ORDER RE:**<br><br>**DISMISSAL OF CASE AND PRESERVATION OF DEFENDANT GROUPON'S CLAIM FOR FEES UNDER 35 U.S.C. § 285** |

**Deleted:** CY TECHNOLOGY PARTNERSHIP'S INFRINGEMENT CLAIM WITHOUT PREJUDICE TO ANY AND ALL COUNTERCLAIMS ASSERTED BY GROUPON;

**Deleted:** ¶ ORDER

**Deleted:** ING

**Deleted:** AND COSTS

**Deleted:** AND ESTABLISHMENT OF AN ESCROW ACCOUNT

## [PROPOSED] ORDER

The Court, having considered the *ex parte* application of Groupon, Inc. under Local Rule 7-19, and having conducted a hearing in this action in which counsel for Plaintiff CY Technology Group Partnership ("CY Technology Partnership") confirmed that CY Technology Partnership agrees to the dismissal of the claims asserted by Plaintiff CY Technology Partnership in view of a new action filed by CY Technology Group, LLC ("CY Technology LLC") as the assignee of the '897 Patent and Mobgob, LLC, as the exclusive licensee of the '897 Patent, *CY Technology Group, LLC v. Groupon, Inc.*, CV10-7287-MRP;

**HEREBY ORDERS**

1) the infringement claim asserted by Plaintiff CY Technology Group Partnership in *CY Technology Group v. Groupon, Inc.*, CV 10-3640-MRP, is hereby dismissed;

2) Groupon's counterclaims (other than the 35 U.S.C. § 285 claim addressed below), are hereby dismissed without prejudice for possible subsequent assertion in *CY Technology Group, LLC v. Groupon, Inc.*, CV10-7287-MRP; and

3) Groupon's 35 U.S.C. § 285 claim for a finding of an exceptional case and an award of fees incurred in this action, and the time limit for moving for said fees, is hereby severed and stayed until such time as the Court deems appropriate in *CY Technology Group, LLC v. Groupon, Inc.*, CV10-7287-MRP.

**IT IS SO ORDERED.**

Dated: ______________, 2010

______________________________
Honorable Mariana R. Pfaelzer
United States District Court Judge

Submitted by:

**Deleted:** the
**Deleted:** a
**Formatted:** Font: Italic
**Deleted:** , and good cause appearing for the Court to find that CY Partnership was not a legal entity having the right to sue on the '897 Patent when this action was filed
**Deleted:** the
**Formatted:** Font: Italic
**Deleted:** with prejudice as the CY Partnership lacked standing and it cannot prove ownership to assert infringement as a legal entity at the time of the filing of the action, the Court also finding that CY Partnership's standing defect can not be cured in view of the subsequent assignment of the inventors rights to the '897 Patent to CY LLC as reflected in the exhibits filed in support of the *ex parte* application
**Deleted:** C
**Formatted:** Font: Italic
**Deleted:** on the Court's initiative in view of CY Partnership's lack of standing
**Deleted:** and costs
**Deleted:** up to the date of this dismissal
**Deleted:** said fees totaling approximately $45,000,
**Deleted:** and on the condition that CY Partnership and/or the attorneys responsible for filing this action deposit $45,000 into an escrow to be held by the clerk of this Court within one week of the dismissal of this action;¶
¶
IT IS HEREBY FURTHER ORDERED that¶
A) CY LLC's and Mobgob LLC's complaint against Groupon in matter number CV10-7287 will be transferred to this court's docket;¶
B) CY LLC and Mobgob will not be permitted to proceed on that action until after the deposit of the fees into the escrow as ordered above, pursuant to Fed.R.Civ.P. 41(d); and¶
C) CY LLC and Mobgob hereby confirm that this Court may address Groupon's 35 U.S.C. § 285 claim for fees and costs incurred in this action (up to the d ... [1]
**Deleted:** *the action filed by*
**Formatted:** Font: Italic
**Formatted:** Font: Italic
**Deleted:** and Mobgob
**Deleted:** (
**Deleted:** ) at such time as the Court deems just and as against the amo ... [2]

DLA PIPER LLP (US)

By: /s/David B. Abel
DAVID B. ABEL
Attorneys for Defendant
GROUPON, INC.

RUSS AUGUST & KABAT

By: /s/ Alexander C. Giza
Alexander C. Giza

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP PARTNERSHIP
and
Attorneys for Plaintiffs
CY TECHNOLOGY GROUP, LLC and
MobGob LLC in civil action no. CV10-7287

DLA PIPER LLP (US)
LOS ANGELES

-2-

EAST\43683824.1

PROPOSED ORDER RE DISMISSAL

**Page 1: [1] Deleted** **Alex Giza** **10/6/2010 2:44:00 PM**

and on the condition that CY Partnership and/or the attorneys responsible for filing this action deposit $45,000 into an escrow to be held by the clerk of this Court within one week of the dismissal of this action;

**IT IS HEREBY FURTHER ORDERED** that

A) CY LLC's and Mobgob LLC's complaint against Groupon in matter number CV10-7287 will be transferred to this court's docket;

B) CY LLC and Mobgob will not be permitted to proceed on that action until after the deposit of the fees into the escrow as ordered above, pursuant to Fed.R.Civ.P. 41(d); and

C) CY LLC and Mobgob hereby confirm that this Court may address Groupon's 35 U.S.C. § 285 claim for fees and costs incurred in this action (up to the date of this dismissal)

**Page 1: [2] Deleted** **Alex Giza** **10/6/2010 5:44:00 PM**

) at such time as the Court deems just and as against the amount deposited into the escrow

# EXHIBIT D

**Abel, David B.**

**From:** Abel, David B.

**Sent:** Thursday, October 07, 2010 11:35 AM

**To:** Alexander Giza; Park, Patrick

**Subject:** RE: CY Tech/Groupon - Draft MTD and schedule

Alex:
Please understand that I do not see how your proposal preserves Groupon's 285 claim as the court required. Our *ex parte* had sought an order to show cause as to the 285 claim upon dismissal of the complaint. You agreed the complaint needs to be dismissed. The court did not want to take up the 285 issue at the present time, but required that it be preserved. The court charged you primarily with coming up with a way to effectively preserve, while delaying the determination of, the 285 claim.

The problem as I see it is that once the first case is dismissed, which you advised the court it should be and it will be following the submission of an order, then Groupon would have 14 days to file the fee motion under rule 54. The court retains jurisdiction over the original plaintiff and the responsible attorneys for that process. Outside of that time period, if the 285 claim was severed and stayed, Groupon would have to file an action to reinstate the 285 claim. The problem is that who could it sue on the 285 claim for the first case? The partnership that filed the case isn't a legal entity and it clearly has no interest in the patent. Our solution is to have someone on behalf of the original plaintiff place $45,000 into an escrow, that would make sure there is both an identifiable entity having an interest in, and the money in place, to satisfy the 285 claim if the full amount of the fees and costs are awarded.

By comparison, the new complaint was filed by an LLC - i.e. a "Limited Liability Company" presumably set up to *limit the liabilities* of the individual shareholders. As a matter of law, and as we noted in the *ex parte* application, the new lawsuit is a completely separate civil action from the first case. *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1383 (Fed. Cir. 2002) (in the civil setting the second complaint initiates a separate civil action. *See* Fed.R.Civ.P. 2."). CY LLC's claims in the new action do not claim priority or date back to the filing of the first case. *Id.* We expect that the LLC would argue that it is not liable for the liabilities incurred by the "partnership" that filed the first case. Groupon could not assert the 285 claim as against the "partnership" from the first case against the LLC in the second case. Thus, absent an appropriate Order allowing the severed 285 claim to be addressed in the new action as against a deposited escrow, Groupon's 285 claim is not preserved so it needs to be resolved in the first action. It should be apparent that Groupon should not be required to incur substantial fees to try and prove up a "piercing the corporate veil" liability to recover the 285 fees and costs of the first case through the LLC. If that is your position, then we would argue the amount of the escrow would need to be increased as Groupon would be entitled to the fees incurred for the piercing the veil process to get the 285 award in the first case.

Thus, absent establishing an escrow, there is no protection of Groupon's 285 claim by your proposal.

Our proposal is the only method I could come up with that actually protects Groupon's 285 claim which is what the Court indicated should be preserved.

Further, there is no information available to Groupon that proves the LLC has the financial resources to cover even the amount of fees incurred to date, let alone any section 285 claim Groupon may make against the LLC in the new case. You represented to the court that both the LLC and the licensee MobGob are just the three inventors. If they can't come up with $45,000 to cover the 285 claim for the fees to date, the determination of which is to be delayed, then the LLC's ability to satisfy its obligations is also suspect. That is precisely why our proposal cites to rule 41(d) which prevents a second suit from proceeding until obligations from a first dismissed action are satisfied.

With respect to your request re accepting service of the new action, I have been advised that I will be able to accept service any time after the first complaint is dismissed. Also, since in our view the new case should not proceed until the dismissal of the first case and an acceptable determination of the method by which the 285 claim is to be addressed, i.e. the deposit of the escrow, the discussion of the schedule in the new case is premature other than advising the court that Groupon will accept service after the dismissal of the first action and file its Answer and Counterclaims 20 days thereafter.

Accordingly, we request that you please reconsider our proposed Order.



**David B. Abel**
Partner
Intellectual Property and Technology

**DLA Piper US LLP**
1999 Avenue of the Stars, Fourth Floor
Los Angeles, California 90067-6022

310.595.3062 T
310.595.3362 F
David.Abel@dlapiper.com

www.dlapiper.com

---

**From:** Alexander Giza [mailto:agiza@raklaw.com]
**Sent:** Wednesday, October 06, 2010 6:52 PM
**To:** Park, Patrick
**Cc:** Abel, David B.
**Subject:** Re: CY Tech/Groupon - Draft MTD and schedule

Patrick:

Thank you for the draft proposed order. We understood that Judge Pfaelzer wanted us to work out dismissing the first case and preserving the section 285 issue, which she did not want to decide at the current time. Judge Pfaelzer has not asked for or reviewed any evidence regarding the circumstances of the filing of the first case. In addition, Groupon did not raise the issue of an escrow in its ex parte application or at the hearing, Judge Pfaelzer did not address it, and CY Technology does not agree to it, so it would be improper to include it at this time. A revised version is attached.

Regarding the proposed schedule for the new case, we understood that Judge Pfaelzer also expected the parties to work out a plan with specific dates to allow an early claim construction ruling. The caption has been corrected to reflect the new case. Please let me know Groupon's position on the proposed schedule for the new case - the timeframes are very similar to those that the parties discussed previously, although CY Technology has shortened the time for some of its due dates to facilitate an early claim construction.

Also, please confirm that you can accept service of the new complaint and related documents, or let me know the date by which you will respond so that we can determine whether it is necessary for CY Technology to incur the cost of formally serving Groupon.

If necessary, we should discuss these matters tomorrow.

# EXHIBIT E

**Abel, David B.**

**From:** Alexander Giza [agiza@raklaw.com]
**Sent:** Thursday, October 07, 2010 3:29 PM
**To:** Abel, David B.
**Cc:** Park, Patrick
**Subject:** Re: CY Tech/Groupon - Draft MTD and schedule

David:

Thank you for explaining Groupon's position. If CY Technology Group LLC stipulates to take the place of CY Technology Group partnership regarding the section 285 claim in the first case, then that addresses the concern about whom Groupon will assert the section 285 claim against. With that addition, the revised proposed order fully preserves, while delaying the determination of, the 285 claim.

The question of an escrow is a separate issue. While an escrow may be appropriate when a judgment has been rendered, that is not the case here. The Court has reserved the section 285 issue, CY Technology has not had the opportunity to provide its evidence, and even Groupon has not provided evidence of its alleged fees to date. Rule 41(d) is not applicable, at least because the Court has not heard the evidence, made a finding of an exceptional case, or made an award under section 285. The purpose of Rule 41(d) is to minimize vexatious litigation and forum-shopping, neither of which is the situation here. In any event, even if Rule 41(d) were applicable, no award should be made for costs or fees associated with work that will still be useful to Groupon in the second case. *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996); *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (concluding that the "district court abused its discretion in finding the amount of costs without differentiating between work product which was rendered useless and that which might be of use" in a second case following dismissal of the first).

With regard to Groupon's position on service and schedule for the second case, what is the basis for requiring that the first case, which both parties have agreed to dismiss, be dismissed before accepting service or discussing the second case's schedule? CY Technology may need to formally serve Groupon to prevent further delay of the second case. Can we agree on a proposed date for the follow-up telephonic scheduling conference that the Court requested? To allow Groupon the full 20 days to answer the new complaint as you have required, we propose November 1 for the scheduling conference.

If we cannot agree on these issues, let's schedule a call to discuss tomorrow. I have some flexibility, but just to get the ball rolling, how about 10 am?

Sincerely,
Alex

Alexander C.D. Giza
Russ August & Kabat
12424 Wilshire Blvd., Suite 1200
Los Angeles, CA 90025
Direct: (310) 979-8240
E-mail: agiza@raklaw.com

On Oct 7, 2010, at 11:35 AM, Abel, David B. wrote:

Alex:

Please understand that I do not see how your proposal preserves Groupon's 285 claim as the court required. Our *ex parte* had sought an order to show cause as to the 285 claim upon dismissal of the complaint. You agreed the complaint needs to be dismissed. The court did not want to take up the 285 issue at the present time, but required that it be preserved. The court charged you primarily with coming up with a way to effectively preserve, while delaying the determination of, the 285 claim.

The problem as I see it is that once the first case is dismissed, which you advised the court it should be and it will be following the submission of an order, then Groupon would have 14 days to file the fee motion under rule 54. The court retains jurisdiction over the original plaintiff and the responsible attorneys for that process. Outside of that time period, if the 285 claim was severed and stayed, Groupon would have to file an action to reinstate the 285 claim. The problem is that who could it sue on the 285 claim for the first case? The partnership that filed the case isn't a legal entity and it clearly has no interest in the patent. Our solution is to have someone on behalf of the original plaintiff place $45,000 into an escrow, that would make sure there is both an identifiable entity having an interest in, and the money in place, to satisfy the 285 claim if the full amount of the fees and costs are awarded.

By comparison, the new complaint was filed by an LLC - i.e. a "Limited Liability Company" presumably set up to *limit the liabilities* of the individual shareholders. As a matter of law, and as we noted in the *ex parte* application, the new lawsuit is a completely separate civil action from the first case. *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1383 (Fed. Cir. 2002) (in the civil setting the second complaint initiates a separate civil action. *See* Fed.R.Civ.P. 2."). CY LLC's claims in the new action do not claim priority or date back to the filing of the first case. *Id.* We expect that the LLC would argue that it is not liable for the liabilities incurred by the "partnership" that filed the first case. Groupon could not assert the 285 claim as against the "partnership" from the first case against the LLC in the second case. Thus, absent an appropriate Order allowing the severed 285 claim to be addressed in the new action as against a deposited escrow, Groupon's 285 claim is not preserved so it needs to be resolved in the first action. It should be apparent that Groupon should not be required to incur substantial fees to try and prove up a "piercing the corporate veil" liability to recover the 285 fees and costs of the first case through the LLC. If that is your position, then we would argue the amount of the escrow would need to be increased as Groupon would be entitled to the fees incurred for the piercing the veil process to get the 285 award in the first case.

Thus, absent establishing an escrow, there is no protection of Groupon's 285 claim by your proposal.

Our proposal is the only method I could come up with that actually protects Groupon's 285 claim which is what the Court indicated should be preserved.

Further, there is no information available to Groupon that proves the LLC has the financial resources to cover even the amount of fees incurred to date, let alone any section 285 claim Groupon may make against the LLC in the new case. You represented to the court that both the LLC and the licensee MobGob are just the three inventors. If they can't come up with $45,000 to cover the 285 claim for the fees to date, the determination of which is to be delayed, then the LLC's ability to satisfy its obligations is also suspect. That is precisely why our proposal cites to rule 41(d) which prevents a second suit from proceeding until obligations from a first dismissed action are satisfied.

With respect to your request re accepting service of the new action, I have been advised that I will be able to accept service any time after the first complaint is dismissed. Also, since in our view the new case should not proceed until the dismissal of the first case and an acceptable determination of the method by which the 285 claim is to be addressed, i.e. the deposit of the escrow, the discussion of the schedule in the new case is premature other than advising the court that Groupon will accept service after the dismissal of the first action and file its Answer and Counterclaims 20 days thereafter.

Accordingly, we request that you please reconsider our proposed Order.



**David B. Abel**
Partner
Intellectual Property and Technology

**DLA Piper US LLP**

1999 Avenue of the Stars, Fourth Floor
Los Angeles, California 90067-6022

310.595.3062 T
310.595.3362 F
David.Abel@dlapiper.com

www.dlapiper.com

---

**From:** Alexander Giza [mailto:agiza@raklaw.com]
**Sent:** Wednesday, October 06, 2010 6:52 PM
**To:** Park, Patrick
**Cc:** Abel, David B.
**Subject:** Re: CY Tech/Groupon - Draft MTD and schedule

Patrick:

Thank you for the draft proposed order.  We understood that Judge Pfaelzer wanted us to work out dismissing the first case and preserving the section 285 issue, which she did not want to decide at the current time.  Judge Pfaelzer has not asked for or reviewed any evidence regarding the circumstances of the filing of the first case.  In addition, Groupon did not raise the issue of an escrow in its ex parte application or at the hearing, Judge Pfaelzer did not address it, and CY Technology does not agree to it, so it would be improper to include it at this time.  A revised version is attached.

Regarding the proposed schedule for the new case, we understood that Judge Pfaelzer also expected the parties to work out a plan with specific dates to allow an early claim construction ruling.  The caption has been corrected to reflect the new case.  Please let me know Groupon's position on the proposed schedule for the new case - the timeframes are very similar to those that the parties discussed previously, although CY Technology has shortened the time for some of its due dates to facilitate an early claim construction.

Also, please confirm that you can accept service of the new complaint and related documents, or let me know the date by which you will respond so that we can determine whether it is necessary for CY Technology to incur the cost of formally serving Groupon.

If necessary, we should discuss these matters tomorrow.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT F

**Abel, David B.**

**From:** Abel, David B.
**Sent:** Thursday, October 07, 2010 4:47 PM
**To:** Alexander Giza
**Cc:** Park, Patrick
**Subject:** RE: CY Tech/Groupon - Draft MTD and schedule

Alex.

You mention a proposed order, but there was no revised proposed order (or a stipulation) attached to your e-mail. For any proposed stipulation, note that the LLC would essentially be stipulating that it will be the guarantor, not a complete replacement. However, that leaves the issue of what assurance can you provide that the LLC has and will have the required assets?

I still think the escrow idea is the way to go. Presently, I have no confidence that any future 285 award can be satisfied. Putting the money into an escrow does not fix the amount, it merely assures that if the full amount is awarded then it will be there. If a lesser amount is awarded, the balance gets refunded.

We respectfully agree to disagree with you on whether there is a vexatious litigation problem here. Also, the *Esquival* and *Koch* cases are not directly on point. With respect to *Koch*, the partnership is not agreeing to dismiss a case so that it can proceed in another forum. The partnership's case is being dismissed on our ex parte application as the court does not have jurisdiction. The fees and costs will not be used in any other case filed by the partnership, as there can be no such case. Similarly, in *Esquival* the same plaintiff filed actions in two different jurisdictions. Again, here, the partnership can't file another case and it is not part of the new case. *Esquival* **is applicable as showing that attorneys' fees are considered costs for Rule 41!** *See,* 913 F. Supp at 1392. The point of the escrow is that presently we don't know what fees and costs may be useful in another case, but we do know that it will never be used in another case filed by the partnership. Thus, it seems that the full amount could be awarded now as against the partnership irrespective of whether any work product may be reused in a completely separate action by a different plaintiff.

With respect to Groupon's position on service, that is tied to the Rule 41 requirement and making sure the first case gets terminated promptly.

With respect tot he follow up conversation, Nov. 1 should be OK.

I am around tomorrow but out all of next week.

DLA PIPER

**David B. Abel**
Partner
Intellectual Property and Technology

**DLA Piper US LLP**
1999 Avenue of the Stars, Fourth Floor
Los Angeles, California 90067-6022

310.595.3062 **T**
310.595.3362 **F**
David.Abel@dlapiper.com

www.dlapiper.com

---

**From:** Alexander Giza [mailto:agiza@raklaw.com]
**Sent:** Thursday, October 07, 2010 3:29 PM
**To:** Abel, David B.
**Cc:** Park, Patrick
**Subject:** Re: CY Tech/Groupon - Draft MTD and schedule

David:

Thank you for explaining Groupon's position.  If CY Technology Group LLC stipulates to take the place of CY Technology Group partnership regarding the section 285 claim in the first case, then that addresses the concern about whom Groupon will assert the section 285 claim against.  With that addition, the revised proposed order fully preserves, while delaying the determination of, the 285 claim.

The question of an escrow is a separate issue.  While an escrow may be appropriate when a judgment has been rendered, that is not the case here.  The Court has reserved the section 285 issue, CY Technology has not had the opportunity to provide its evidence, and even Groupon has not provided evidence of its alleged fees to date.  Rule 41(d) is not applicable, at least because the Court has not heard the evidence, made a finding of an exceptional case, or made an award under section 285.  The purpose of Rule 41(d) is to minimize vexatious litigation and forum-shopping, neither of which is the situation here.  In any event, even if Rule 41(d) were applicable, no award should be made for costs or fees associated with work that will still be useful to Groupon in the second case.  *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996); *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (concluding that the "district court abused its discretion in finding the amount of costs without differentiating between work product which was rendered useless and that which might be of use" in a second case following dismissal of the first).

With regard to Groupon's position on service and schedule for the second case, what is the basis for requiring that the first case, which both parties have agreed to dismiss, be dismissed before accepting service or discussing the second case's schedule?  CY Technology may need to formally serve Groupon to prevent further delay of the second case.  Can we agree on a proposed date for the follow-up telephonic scheduling conference that the Court requested?  To allow Groupon the full 20 days to answer the new complaint as you have required, we propose November 1 for the scheduling conference.

If we cannot agree on these issues, let's schedule a call to discuss tomorrow.  I have some flexibility, but just to get the ball rolling, how about 10 am?

Sincerely,
Alex

Alexander C.D. Giza
Russ August & Kabat
12424 Wilshire Blvd., Suite 1200
Los Angeles, CA 90025
Direct:  (310) 979-8240
E-mail:  agiza@raklaw.com

On Oct 7, 2010, at 11:35 AM, Abel, David B. wrote:

> Alex:
> Please understand that I do not see how your proposal preserves Groupon's 285 claim as the court required.  Our *ex parte* had sought an order to show cause as to the 285 claim upon dismissal of the complaint.  You agreed the complaint needs to be dismissed. The court did not want to take up the 285 issue at the present time, but required that it be preserved. The court charged you primarily with coming up with a way to effectively preserve, while delaying the determination of, the 285 claim.
>
> The problem as I see it is that once the first case is dismissed, which you advised the court it should be and it will be following the submission of an order, then Groupon would have 14 days to file the fee motion under rule 54.  The court retains jurisdiction over the original plaintiff and the responsible attorneys for that process. Outside of that time period, if the 285 claim was severed and stayed, Groupon would have to file an action to reinstate the 285 claim.  The problem is that who could it sue on the 285 claim for the first case?  The partnership that filed the case isn't a legal entity and it clearly has no interest in the patent.  Our solution is to have someone on behalf of the original plaintiff place $45,000 into an escrow, that would make sure there is both an identifiable entity having an interest in, and the money in place, to satisfy the 285 claim if the full amount of the fees and costs are awarded.

By comparison, the new complaint was filed by an LLC - i.e. a "Limited Liability Company" presumably set up to *limit the liabilities* of the individual shareholders. As a matter of law, and as we noted in the *ex parte* application, the new lawsuit is a completely separate civil action from the first case. *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1383 (Fed. Cir. 2002) (in the civil setting the second complaint initiates a separate civil action. *See* Fed.R.Civ.P. 2."). CY LLC's claims in the new action do not claim priority or date back to the filing of the first case. *Id.* We expect that the LLC would argue that it is not liable for the liabilities incurred by the "partnership" that filed the first case. Groupon could not assert the 285 claim as against the "partnership" from the first case against the LLC in the second case. Thus, absent an appropriate Order allowing the severed 285 claim to be addressed in the new action as against a deposited escrow, Groupon's 285 claim is not preserved so it needs to be resolved in the first action. It should be apparent that Groupon should not be required to incur substantial fees to try and prove up a "piercing the corporate veil" liability to recover the 285 fees and costs of the first case through the LLC. If that is your position, then we would argue the amount of the escrow would need to be increased as Groupon would be entitled to the fees incurred for the piercing the veil process to get the 285 award in the first case.

Thus, absent establishing an escrow, there is no protection of Groupon's 285 claim by your proposal.

Our proposal is the only method I could come up with that actually protects Groupon's 285 claim which is what the Court indicated should be preserved.

Further, there is no information available to Groupon that proves the LLC has the financial resources to cover even the amount of fees incurred to date, let alone any section 285 claim Groupon may make against the LLC in the new case. You represented to the court that both the LLC and the licensee MobGob are just the three inventors. If they can't come up with $45,000 to cover the 285 claim for the fees to date, the determination of which is to be delayed, then the LLC's ability to satisfy its obligations is also suspect. That is precisely why our proposal cites to rule 41(d) which prevents a second suit from proceeding until obligations from a first dismissed action are satisfied.

With respect to your request re accepting service of the new action, I have been advised that I will be able to accept service any time after the first complaint is dismissed. Also, since in our view the new case should not proceed until the dismissal of the first case and an acceptable determination of the method by which the 285 claim is to be addressed, i.e. the deposit of the escrow, the discussion of the schedule in the new case is premature other than advising the court that Groupon will accept service after the dismissal of the first action and file its Answer and Counterclaims 20 days thereafter.

Accordingly, we request that you please reconsider our proposed Order.

**David B. Abel**
Partner
Intellectual Property and Technology

**DLA Piper US LLP**
1999 Avenue of the Stars, Fourth Floor
Los Angeles, California 90067-6022

310.595.3062 T
310.595.3362 F
David.Abel@dlapiper.com

www.dlapiper.com

---

**From:** Alexander Giza [mailto:agiza@raklaw.com]
**Sent:** Wednesday, October 06, 2010 6:52 PM
**To:** Park, Patrick
**Cc:** Abel, David B.
**Subject:** Re: CY Tech/Groupon - Draft MTD and schedule

Patrick:

Thank you for the draft proposed order. We understood that Judge Pfaelzer wanted us to

work out dismissing the first case and preserving the section 285 issue, which she did not want to decide at the current time. Judge Pfaelzer has not asked for or reviewed any evidence regarding the circumstances of the filing of the first case. In addition, Groupon did not raise the issue of an escrow in its ex parte application or at the hearing, Judge Pfaelzer did not address it, and CY Technology does not agree to it, so it would be improper to include it at this time. A revised version is attached.

Regarding the proposed schedule for the new case, we understood that Judge Pfaelzer also expected the parties to work out a plan with specific dates to allow an early claim construction ruling. The caption has been corrected to reflect the new case. Please let me know Groupon's position on the proposed schedule for the new case - the timeframes are very similar to those that the parties discussed previously, although CY Technology has shortened the time for some of its due dates to facilitate an early claim construction.

Also, please confirm that you can accept service of the new complaint and related documents, or let me know the date by which you will respond so that we can determine whether it is necessary for CY Technology to incur the cost of formally serving Groupon.

If necessary, we should discuss these matters tomorrow.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT G

**Abel, David B.**

**From:** Alexander Giza [agiza@raklaw.com]
**Sent:** Friday, October 08, 2010 10:00 AM
**To:** Abel, David B.
**Cc:** Park, Patrick
**Subject:** Re: CY Tech/Groupon - Draft MTD and schedule
**Attachments:** agProposed Order re Dismissal of First CY Action Preserving Groupon_s s.doc; ATT00001..htm

David:

I sent the revised proposed order attached to my previous email - the first email in this string. For your convenience it is attached. The Court asked for a short, simple order, and I think this accomplishes what the Court ordered.

I will call you shortly to discuss.

DAVID B. ABEL (Bar No. CA-156744)
david.abel@dlapiper.com
PATRICK S. PARK (Bar No. CA-246348)
patrick.park@dlapiper.com
DLA PIPER LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA 90067-6023
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant and Counterclaim Plaintiff
GROUPON, INC.

RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Daniel C. Whang, State Bar No. 223451
Email: dwhang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CY TECHNOLOGY GROUP, a partnership,<br>Plaintiff,<br>v.<br>GROUPON, INC., a corporation,<br>Defendant.<br><br>And Related Counterclaims | CASE NO. CV 10-3640 MRP (VBKx)<br>*Judge: Mariana R. Pfaelzer*<br>**[PROPOSED] ORDER RE:**<br>**DISMISSAL OF CASE AND PRESERVATION OF DEFENDANT GROUPON'S CLAIM FOR FEES UNDER 35 U.S.C. § 285,** |

Deleted: CY TECHNOLOGY PARTNERSHIP'S INFRINGEMENT CLAIM WITHOUT PREJUDICE TO ANY AND ALL COUNTERCLAIMS ASSERTED BY GROUPON;

Deleted: ¶ ORDER

Deleted: ING

Deleted: AND COSTS

Deleted: AND ESTABLISHMENT OF AN ESCROW ACCOUNT

**[PROPOSED] ORDER**

The Court, having considered the *ex parte* application of Groupon, Inc. under Local Rule 7-19, and having conducted a hearing in this action in which counsel for Plaintiff CY Technology Group Partnership ("CY Technology Partnership") confirmed that CY Technology Partnership agrees to the dismissal of the claims asserted by Plaintiff CY Technology Partnership in view of a new action filed by CY Technology Group, LLC ("CY Technology LLC") as the assignee of the '897 Patent and Mobgob, LLC, as the exclusive licensee of the '897 Patent, *CY Technology Group, LLC v. Groupon, Inc.*, CV10-7287-MRP:

**HEREBY ORDERS**

1) the infringement claim asserted by Plaintiff CY Technology Group Partnership in *CY Technology Group v. Groupon, Inc.*, CV 10-3640-MRP, is hereby dismissed;

2) Groupon's counterclaims (other than the 35 U.S.C. § 285 claim addressed below), are hereby dismissed without prejudice for possible subsequent assertion in *CY Technology Group, LLC v. Groupon, Inc.*, CV10-7287-MRP; and

3) Groupon's 35 U.S.C. § 285 claim for a finding of an exceptional case and an award of fees incurred in this action, and the time limit for moving for said fees, is hereby severed and stayed until such time as the Court deems appropriate in *CY Technology Group, LLC v. Groupon, Inc.*, CV10-7287-MRP.

**IT IS SO ORDERED.**

Dated: _______________, 2010

Honorable Mariana R. Pfaelzer
United States District Court Judge

Submitted by:

**Deleted:** the

**Deleted:** a

**Formatted:** Font: Italic

**Deleted:** , and good cause appearing for the Court to find that CY Partnership was not a legal entity having the right to sue on the '897 Patent when this action was filed

**Deleted:** the

**Formatted:** Font: Italic

**Deleted:** with prejudice as the CY Partnership lacked standing and it cannot prove ownership to assert infringement as a legal entity at the time of the filing of the action, the Court also finding that CY Partnership's standing defect can not be cured in view of the subsequent assignment of the inventors rights to the '897 Patent to CY LLC as reflected in the exhibits filed in support of the *ex parte* application

**Deleted:** C

**Formatted:** Font: Italic

**Deleted:** on the Court's initiative in view of CY Partnership's lack of standing

**Deleted:** and costs

**Deleted:** up to the date of this dismissal

**Deleted:** said fees totaling approximately $45,000,

**Deleted:** and on the condition that CY Partnership and/or the attorneys responsible for filing this action deposit $45,000 into an escrow to be held by the clerk of this Court within one week of the dismissal of this action;¶
¶
IT IS HEREBY FURTHER ORDERED that¶
A) CY LLC's and Mobgob LLC's complaint against Groupon in matter number CV10-7287 will be transferred to this court's docket;¶
B) CY LLC and Mobgob will not be permitted to proceed on that action until after the deposit of the fees into the escrow as ordered above, pursuant to Fed.R.Civ.P. 41(d); and¶
C) CY LLC and Mobgob hereby confirm that this Court may address Groupon's 35 U.S.C. § 285 claim for fees and costs incurred in this action (up to the d ... [1]

**Deleted:** *the action filed by*

**Formatted:** Font: Italic

**Formatted:** Font: Italic

**Deleted:** and Mobgob

**Deleted:** (

**Deleted:** ) at such time as the Court deems just and as against the amo ... [2]

DLA PIPER LLP (US)

By: /s/David B. Abel
DAVID B. ABEL
Attorneys for Defendant
GROUPON, INC.

RUSS AUGUST & KABAT

By: /s/ Alexander C. Giza
Alexander C. Giza

Attorneys for Plaintiff and Cross-Defendant
CY TECHNOLOGY GROUP
PARTNERSHIP
and
Attorneys for Plaintiffs
CY TECHNOLOGY GROUP, LLC and
MobGob LLC in civil action no. CV10-7287

**Page 1: [1] Deleted** **Alex Giza** **10/6/2010 2:44:00 PM**

and on the condition that CY Partnership and/or the attorneys responsible for filing this action deposit $45,000 into an escrow to be held by the clerk of this Court within one week of the dismissal of this action;

**IT IS HEREBY FURTHER ORDERED** that

A) CY LLC's and Mobgob LLC's complaint against Groupon in matter number CV10-7287 will be transferred to this court's docket;

B) CY LLC and Mobgob will not be permitted to proceed on that action until after the deposit of the fees into the escrow as ordered above, pursuant to Fed.R.Civ.P. 41(d); and

C) CY LLC and Mobgob hereby confirm that this Court may address Groupon's 35 U.S.C. § 285 claim for fees and costs incurred in this action (up to the date of this dismissal)

**Page 1: [2] Deleted** **Alex Giza** **10/6/2010 5:44:00 PM**

) at such time as the Court deems just and as against the amount deposited into the escrow